UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Ronald Lawrence Phillips,

Plaintiff,

v.

The City of Minneapolis,

Defendant.

Case No. 21-cv-1463 (WMW/BRT)

**ORDER**

---

Before the Court is Defendant The City of Minneapolis's (Minneapolis) motion to dismiss Plaintiff Ronald Lawrence Phillips's complaint for failure to state a claim. (Dkt. 14.) For the reasons addressed below, the Court grants Minneapolis's motion.

**BACKGROUND**

Phillips, a resident of Minneapolis, commenced this action in June 2021, advancing several claims to relief: violations of the Americans with Disabilities Act (ADA), "loss of familia,"[1] loss of public stature, improper taxi regulations, and false arrest. Phillips attaches to his complaint a 2010 notice of proposed license plate revocation for failure to insure his vehicle and an undated citation for illegally parking near Lake Harriet in Minneapolis. Phillips also provides a City of Minneapolis claim form alleging that Minneapolis issued an invalid citation, "City Attorney Kelly" mocked him, and Phillips was falsely arrested in March 2012. In addition, Phillips attaches a letter from the United

---

[1]    Phillips does not further explain the basis for this claim, and the Court has been unable to find any legal authority supporting a right to relief for "loss of familia." Accordingly, the Court does not address this claim.

States Department of Justice approving his claim for payment under a settlement with Wells Fargo and Company pertaining to Title III of the ADA.  Minneapolis moves to dismiss Phillips's complaint for failure to state a claim.

## ANALYSIS

A complaint must be dismissed if it fails to state a claim on which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, the complaint must allege sufficient facts that, when accepted as true, state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When determining whether the complaint states such a claim, a district court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor.  *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010).  The factual allegations need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  A plaintiff must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.  Legal conclusions that are couched as factual allegations may be disregarded by the district court. *See Iqbal*, 556 U.S. at 678–79.

### I.    ADA

Minneapolis argues that Phillips fails to state a claim under Title II of the ADA. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such

entity."  42 U.S.C. § 12132.  To state a claim for a violation of the ADA, Phillips must allege that (1) he is a qualified individual with a disability; (2) he was excluded from participation in or denied the benefit of a public entity's services, programs, or activities, or otherwise discriminated against by the public entity; and (3) the exclusion, denial of benefits, or discrimination was by reason of his disability.  *Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010).  Phillips's complaint alleges no facts to support any of these elements.  Phillips attaches a letter from the United States Department of Justice approving his claim for payment under a settlement with Wells Fargo pertaining to Title III of the ADA.  But this document contains no information about any possible violation of Title II of the ADA committed by Minneapolis.  Accordingly, Minneapolis's motion to dismiss is granted as to Phillips's ADA claim.

## II.     Loss of Public Stature

Phillips alleges that Minneapolis caused him "loss of public stature."  The Court construes this allegation as a common-law defamation claim.  To state a claim for defamation under Minnesota common law, Phillips must allege that Minneapolis made a false and defamatory statement about Phillips in an unprivileged publication to a third party and harmed Phillips's reputation in the community by doing so.  *Maethner v. Someplace Safe, Inc.*, 929 N.W.2d 868, 873 (Minn. 2019).  Phillips's complaint alleges no facts to support any element of this claim.  Accordingly, Minneapolis's motion to dismiss is granted as to Phillips's "loss of public stature" defamation claim.

### III.   Taxi Regulations

Phillips's complaint contains several references to Minneapolis's regulation of taxi licenses or services.  Minneapolis contends that Phillips's complaint fails to sufficiently allege Phillips's standing to challenge Minneapolis's taxi regulations, any injury from Minneapolis's conduct, or what precise claim Phillips seeks to assert regarding Minneapolis's taxi regulations.

To establish standing, a plaintiff must allege (1) an injury in fact, (2) a causal relationship between the opposing party's conduct and the alleged injury, and (3) that the injury would likely be redressed by a favorable decision.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).  The complaint alleges that Minneapolis "limited taxi service license and now claims no limit," that Minneapolis "now allows unlicensed with surge pricing taxi service Uber or Lyft," and that Minneapolis "does not regulate the Dispatch for taxi service."  Phillips attaches to the complaint a copy of his license to drive a taxi. But because Phillips neither identifies a particular taxi regulation nor alleges facts to support how Minneapolis's taxi regulations have injured him, he fails to establish standing to challenge Minneapolis's taxi regulations.  Minneapolis's motion to dismiss, therefore, is granted as to Phillips's claim challenging taxi regulations.

### IV.   False Arrest

Minneapolis asserts that Phillips has failed to state a claim for false arrest.  To state a claim for false arrest under Minnesota law, Phillips must allege that Minneapolis arrested him and that the arrest was unlawful.  *Lundeen v. Renteria*, 224 N.W.2d 132, 135 (Minn. 1974).  Phillips does not allege any facts to support his vague assertion that Minneapolis

unlawfully arrested him.  For this reason, Minneapolis's motion to dismiss is granted as to Phillips's false-arrest claim.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1.      Defendant The City of Minneapolis's motion to dismiss, (Dkt. 14), is **GRANTED**.

2.      Plaintiff Ronald Lawrence Phillips's complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  February 16, 2022                                         s/Wilhelmina M. Wright
                                                                         Wilhelmina M. Wright
                                                                         United States District Judge